**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

*Mark E. Coyne*
*Assistant U.S. Attorney*

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*973-297-2002*

August 7, 2026

Patricia S. Dodszuweit, Clerk
U.S. Court of Appeals for the Third Circuit
601 Market Street, Room 21400
Philadelphia, PA 19106-1790

Re: *United States v. Naviwala*, Appeal No. 26-1996
260-word Rule 28(j) letter regarding this Court's April 17, 2026 order questioning jurisdiction over this interlocutory appeal

Dear Ms. Dodszuweit:

*In re al-Nashiri*, 791 F.3d 71 (D.C. 2015), further confirms that this Court should dismiss Raheel Naviwala's interlocutory criminal appeal for lack of jurisdiction.

There, a Guantanamo Bay detainee "via mandamus" sought to disqualify military judges on the United States Court of Military Commission Review (CMCR). *Id.* at 73; *see id.* at 73–75. He argued that their service on that court violated the Appointments Clause and that restrictions on their removal violated the Commander-in-Chief Clause. *al-Nashiri*, 791 F.3d at 73–75. "Because" he could "adequately raise his constitutional challenges on appeal from final judgement," the Court of Appeals "den[ied] his petition." *Id.* at 73. Relying on *Ryder v. United States*, 515 U.S. 177 (1995)—an Appointments Clause case—the Court of Appeals explained that "if Nashiri is convicted, the convening authority and the CMCR affirm that conviction, Nashiri appeals to this Court and convinces us his constitutional arguments are correct, we can then vacate the CMCR's decision." *al-Nashiri*, 791 F.3d at 80. "Vacatur, even at the appeal-from-final-judgment stage, would fully vindicate Nashiri's rights and the President's and the Senate's constitutional powers." *Id.* (cleaned up).

So, too, here, for Naviwala's Appointments Clause challenge, which means his interlocutory appeal doesn't satisfy the collateral order doctrine. Once this Court dismisses the appeal, the District Court can resolve Naviwala's still-pending Rule 29 motion and, if the court denies that motion, sentence him. On that score, the Government is seeking 20 years' imprisonment, forfeiture of $10,367,073.28 and $102,305,295 in restitution to Naviwala's victims, which include federal health care programs.

The Government thanks this Court for its consideration.

Respectfully submitted,

ROBERT FRAZER
UNITED STATES ATTORNEY

By: Mark E. Coyne
Supervisory Assistant U.S. Attorney
Chief, Appeals Division

cc: Doug Passon, Esq.
(by notice of electronic filing)