**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

*Mark E. Coyne*
*Assistant U.S. Attorney*

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*973-297-2002*

August 31, 2026

Patricia S. Dodszuweit, Clerk
U.S. Court of Appeals for the Third Circuit
601 Market Street, Room 21400
Philadelphia, PA 19106-1790

Re: *United States v. Naviwala*, Appeal No. 26-1896
308-word Rule 28(j) letter regarding this Court's April 17, 2026 order questioning jurisdiction over this interlocutory appeal

Dear Ms. Dodszuweit:

*United States v. Jackson*, __ F.4th __, 2026 WL 2387099 (9th Cir. Aug. 17, 2026), and other precedent further confirm that this Court should dismiss Raheel Naviwala's appeal for lack of jurisdiction.

*Jackson* dismissed the "defendants' cross appeals because" the Court of Appeals "lack[ed] appellate jurisdiction to review the district court's denial of" their "motions to dismiss their indictments." *Id.* at 2. Tellingly, the defendants didn't even try to "argue that the collateral-order doctrine permit[ted] them to appeal the district court's order denying their motions to dismiss." *Id.* at *13. "Instead, they argue[d] that" the Court of Appeals could review that order "in conjunction with" the court's "review of the district court's order disqualifying" the putative Acting U.S. Attorney. *Jackson*, 2026 WL 2387099, at *13. The Ninth Circuit rejected that invocation of pendent appellate jurisdiction. *Id.* at *14.

Here, Naviwala appeals the denial of his motion to both dismiss his superseding indictment and disqualify the U.S. Attorney and the prosecutors he supervises. *United States v. Giraud* confirmed that a defendant cannot appeal the former interlocutorily. 160 F.4th 390, 396 n.2 (3d Cir. 2025), *reh'g denied*, 2026 WL 2162119 (3d Cir. Jan. 26, 2026). And "an order denying a defendant's motion to disqualify opposing counsel is not appealable in criminal any more than in civil cases" prior to judgment. *United States v. Barron*, 703 F.2d 270, 270 (7th Cir. 1983) (per curiam); *see United States v. Caggiano*, 660 F.2d 184, 191 n.7 (6th Cir. 1981) ("We discern no reason why the result should be different in a criminal proceeding."). Finally, dressing Naviwala's appeal in Appointments Clause clothing doesn't vest this Court with appellate jurisdiction where none would otherwise lie. *See United States v. Valencia*, 940 F.3d 181 (5th Cir. 2019) (dismissing interlocutory appeal from order rejecting Appointments Clause challenge to indictment).

The Government thanks this Court for its consideration.

Respectfully submitted,

ROBERT FRAZER
UNITED STATES ATTORNEY

By: Mark E. Coyne
Supervisory Assistant U.S. Attorney
Chief, Appeals Division

cc: Doug Passon, Esq.
(by notice of electronic filing)