**UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>v.<br>RAHEEL NAVIWALA,<br>Appellant. | APPEAL NO. 26-1896<br><br>**APPELLANT'S RESPONSE TO THE GOVERNMENT'S RULE 28(J) LETTER** |

The Government files a facially deficient Rule 28(j) letter. As the rule expressly states, the party filing such a letter "***must*** state the reasons for the supplemental citations, referring . . . to the page of the brief" the supplemental citation pertains to. FRAP 28(j) (emphasis added). The Government's letter (again) fails to follow the rule and so this Court should disregard and strike the letter.

In the alternative, to the extent *United States v. Jackson*, __ F.4th __, 2026 U.S. App. LEXIS 24731, 2026 WL 2387099 (9th Cir. Aug. 17, 2026) has any relevance, it supports Mr. Naviwala's position. In *Jackson*, the Ninth Circuit suggested that the defendants should have appealed the order denying their motion to dismiss under the collateral order doctrine. *Id.* at *42. Hence the Ninth Circuit's citation to *Abney v. United States*, 431 U.S. 651 (1977), which held that such an appeal could be taken under the doctrine when a defendant "is contesting the very authority of the Government to hale him into court." *Id.* at 659 (citations omitted). As the Government admits, "the defendants [in *Jackson*] didn't even try to 'argue that the collateral-order doctrine permit[ted] them to appeal the district court's order denying

their motions to dismiss.'" Dkt. No. 15 at 1 (quoting *Jackson*). Appellant Naviwala, by contrast, expressly invokes the collateral-order doctrine as an independent basis for jurisdiction. Dkt. No. 8 at 10-13. *Jackson* thus does not foreclose the jurisdictional argument presented here.

DATED: September 2, 2026

RESPECTFULLY SUBMITTED,

DOUG PASSON

/s/ Doug Passon
Law Offices of Doug Passon, PC
10565 N. 114th St., Suite 101
Scottsdale, AZ 85259
Telephone: 480.448.0086
Email: doug@dougpassonlaw.com
***Attorney for Appellant Raheel Naviwala***

## CERTIFICATION OF COMPLIANCE AND SERVICE

I hereby certify that this filing complies with the typeface, type style and length limits of Federal Rule of Appellate Procedure 27(d). The filing contains 191 countable words and was prepared using Microsoft Word for Microsoft 365 MSO's 14-point proportionally spaced Times New Roman typeface.

I further certify that this filing was prepared on a computer automatically protected by an updated version of Avast Premium Security and no virus was detected.

I further certify that I caused a copy of this motion to be served by the Notice of Docketing Activity generated by the Third Circuit's electronic filing system on all counsel of record in this case.

/s/ Doug Passon
DOUG PASSON