**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

*Mark E. Coyne*
*Assistant U.S. Attorney*

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*973-297-2002*

September 29, 2026

Patricia S. Dodszuweit, Clerk
U.S. Court of Appeals for the Third Circuit
601 Market Street, Room 21400
Philadelphia, PA 19106-1790

Re: *United States v. Naviwala*, Appeal No. 26-1896
349-word Rule 28(j) letter for motions panel regarding motion to dismiss this interlocutory appeal

Dear Ms. Dodszuweit:

Still more authority shows why this Court should dismiss Raheel Naviwala's interlocutory appeal for lack of jurisdiction.

In *United States v. McIver*, __ F.4th __, 2026 WL 2509405 (3d Cir. 2026), this Court held that the collateral order doctrine does not apply "to selective enforcement and prosecution claims" because those "claims do not implicate a right not to be tried, but instead involve only a right to have charges dismissed if the court determines they were brought for an impermissible reason." *Id.* at *4. In so holding, this Court reiterated that in "the criminal context," the "collateral order doctrine applies only when the defendant has asserted a right the legal and practical value of which would be destroyed if it were not vindicated before trial." *Id.* at *3 (cleaned up). "Generally, that has involved a defendant's right not to be tried, not a right to dismissal." *Id.* All that reinforces points the United States has already made. *See* Doc. 6 at 4–9.

In arguing that the collateral order doctrine nonetheless applies here, Raheel Naviwala relies heavily on *Axon Enterprises v. FTC*, 598 U.S. 175 (2023). *See* Doc. 8 at 6–7, 9. "But *Axon* is a case about the original jurisdiction of federal courts under 28 U.S.C. § 1331—it does not address what constitutes a final order under 28 U.S.C. § 1291." *FTC v. U.S. Anesthesia Partners, Inc.*, No. 24-20270, 2024 WL 5003580, at *3 (5th Cir. Aug. 15, 2024) (unpublished). "In that case, the Supreme Court considered whether review schemes set out in the Securities Exchange Act and Federal Trade Commission Act could displace federal question jurisdiction, and whether the targets of SEC and FTC enforcement actions could sue those agencies directly in a district court." *Id.* "In its holding that district courts had jurisdiction to hear those parties' lawsuits, *Axon* implicates nothing related to the collateral order doctrine." *Id.* (rejecting appellant's contention "that it is suffering a 'here-and-now

injury' because" its appeal "challenges 'the Commissions' power to proceed at all'" (quoting *Axon*, 598 U.S. at 192)).

The United States thanks this Court for its consideration.

Respectfully submitted,

ROBERT FRAZER
UNITED STATES ATTORNEY

By: Mark E. Coyne
Supervisory Assistant U.S. Attorney
Chief, Appeals Division

cc: Doug Passon, Esq.
(by notice of electronic filing)