**Nos. 26-1896**

---

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE THIRD CIRCUIT**

---

**UNITED STATES OF AMERICA,**

**Plaintiff/Appellee**

**V.**

**RAHEEL NAVIWALA,**

**Defendant/Appellant.**

---

# APPELLANT'S PETITION FOR PANEL REHEARING AND REHEARING EN BANC PURSUANT TO FED. R. APP. P. 40

---

Doug Passon
Law Offices of Doug Passon, PC
10565 N. 114TH St., Suite 101
Scottsdale, AZ 85259
Phone: 480-448-0086
Fax: 480-448-8948
doug@dougpassonlaw.com
*Attorney for Appellant*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................... iii
STATEMENT PURSUANT TO L.A.R. 35.1 AND FED. R. APP. P. 40(b)(2) .......4
ARGUMENTS FOR REHEARING..........................................................................5
I. The Panel Overlooked the Recent Decision of *Rogoff v. Trump* Holding that the President Did Not Have the Authority to Terminate a Court-Appointed U.S. Attorney. ..........................................................................................................5
II. The Panel's Decision to Dismiss the Appeal Rests on a Misapplication of *Dicta* Set Forth in *United States v. Giraud*. ............................................................8
CONCLUSION .........................................................................................................10
CERTIFICATE OF COMPLIANCE WITH F.R.A.P. 32(g) .................................11

# TABLE OF AUTHORITIES

## Cases

*Axon Enter. v. FTC*, 598 U.S. 175 (2023) ....................4, 7
*Bond v. United States*, 564 U.S. 211 (2011) ....................4
*Coleman v. Greene*, 845 F.3d 73 (3d Cir. 2017) ....................8
*Doe v. Coll. of N.J.,* 997 F.3d 489 (3d Cir. 2021) ....................4
*Rogoff v. Trump*, No. 2:26-CV-02566, 2026 U.S. Dist. LEXIS 225797 (W.D.Wa. Oct. 1, 2026) ....................5
*Rogoff v. Trump*, No. 26-6445, 2026 U.S. App. LEXIS 30479 (9th Cir. Oct. 5, 2026) ....................6
*United States v. Castillo*, 772 Fed. Appx. 11 (3d Cir. 2019) ....................4, 7
*United States v. Giraud*, 160 F.4th 390 (3d Cir. 2025) ....................4, 8
*United States v. Mallory*, 765 F.3d 373 (3d Cir. 2014) ....................8
*United States v. McIver*, , __ F.4th __, 2026 U.S. App. LEXIS 26038 (3d Cir. 2026) ....................7
*United States v. Naviwala*, 825 F. Supp. 3d 451 (D.N.J. 2026) ....................7

## Statutes

28 U.S.C. § 546 ....................4, 6

## Other Authorities

Appellant's Rule 28(j) Letter, *United States v. Naviwala*, 26-1896 (3d Cir. Oct. 2, 2026), Dkt. 19 ....................6
Order, *United States v. Naviwala*, 26-1896 (3d. Cir. Oct. 7, 2026), Dkt. 20-2 .....6, 8

**STATEMENT PURSUANT TO L.A.R. 35.1 AND FED. R. APP. P. 40(b)(2)**

I, Doug Passon, Attorney at Law duly admitted to practice in the United States Court of Appeals for the Third Circuit, express a belief, based on a reasoned and studied professional judgment, that the Panel Decision dismissing the appeal is contrary to decisions of the United States Court of Appeals for the Third Circuit and the Supreme Court of the United States, and that consideration by the full Court is necessary to secure and maintain uniformity of decisions in this Court. The Panel's decision is contrary to decisions of the Supreme Court including *Axon Enter. v. FTC*, 598 U.S. 175 (2023), and *Bond v. United States*, 564 U.S. 211 (2011), and decisions of this Court including *United States v. Giraud*, 160 F.4th 390 (3d Cir. 2025); *Doe v. Coll. of N.J.,* 997 F.3d 489 (3d Cir. 2021); and *United States v. Castillo*, 772 Fed. Appx. 11 (3d Cir. 2019).

This appeal further involves a question of first impression and of exceptional importance, namely, whether 28 U.S.C. § 546(d) authorizes a district court to make a subsequent appointment of a U.S. Attorney where the President has unilaterally terminated a prior court appointee and then installed various illegitimate persons in the interim. If the answer is yes, then the Executive may unilaterally countermand lawful orders of the Judicial branch—at will, indefinitely—thereby rendering such orders exercises in futility and the separation of powers a nullity.

The answer, therefore, quite clearly is no: § 546(d) does not authorize a district court to make subsequent appointments of a U.S. Attorney in response to a President unilaterally terminating a prior appointee. Not only did the President have no authority to terminate a court-appointed U.S. Attorney, but even if he did, the District Court had no authority to appoint another U.S. Attorney under these circumstances. Either way, Robert Frazer is not the legitimate U.S. Attorney and must be disqualified. To subject Mr. Naviwala to continued prosecution by an illegitimate U.S. Attorney thus exacerbates a here-and-now injury to due process that cannot be remedied on direct appeal. Accordingly, the collateral order doctrine clearly applies, and this Court should recall the mandate and rehear the matter.

## ARGUMENTS FOR REHEARING

### I. The Panel Overlooked the Recent Decision of *Rogoff v. Trump* Holding that the President Did Not Have the Authority to Terminate a Court-Appointed U.S. Attorney.

On October 1, 2026, the U.S. District Court for the Western District of Washington held that as "[t]he U.S. Constitution and statutes set out a clear framework for the process of appointing a U.S. Attorney," "[t]he President cannot unilaterally fire a U.S. Attorney appointed by the Court." *Rogoff v. Trump*, No. 2:26-CV-02566, 2026 U.S. Dist. LEXIS 225797, *7-8 (W.D.Wa. Oct. 1, 2026). The district court thereafter issued a preliminary injunction against the Attorney

General and Department of Justice precluding them from *inter alia* "[e]ffectuat[ing] any purported firing" of the court-appointed U.S. Attorney and expressly declined to stay its order as the U.S. Attorney would otherwise "be irreparably harmed." *Id*. at *12-13.[1]

The very next day, Mr. Naviwala brought *Rogoff* to the attention of the panel. *See* Appellant's Rule 28(j) Letter, *United States v. Naviwala*, 26-1896 (3d Cir. Oct. 2, 2026), Dkt. 19. Nonetheless, the panel overlooked consideration of this decision as indicated by the omission of the Rule 28(j) letter from the matters the panel considered. Order, *United States v. Naviwala*, 26-1896 (3d. Cir. Oct. 7, 2026), Dkt. 20-2 at 1.

As *Rogoff* makes clear, the President had no authority to fire Desiree Grace shortly after her court appointment as U.S. Attorney. Thus, there was no vacancy or expired term for the District Court to fill, as required by 28 U.S.C. § 546, when it appointed Robert Frazer. He therefore does not legitimately hold the office of U.S. Attorney.

It is beyond dispute that Mr. Naviwala has a due process right to be prosecuted only by a duly appointed U.S. Attorney, or by those Assistant U.S.

---

[1] The matter is now on appeal to the U.S. Court of Appeals for the Ninth Circuit, which stayed the injunction. The stay was not opposed by Mr. Rogoff. *Rogoff v. Trump*, No. 26-6445, 2026 U.S. App. LEXIS 30479 (9th Cir. Oct. 5, 2026).

Attorneys to whom he has delegated such prosecutorial authority. *See United States v. Castillo*, 772 Fed. Appx. 11, 14 (3d Cir. 2019) ("the validity of criminal prosecutions or sentences" rests upon being "prosecuted by Assistant United States Attorneys who were supervised by the duly appointed United States Attorney"); *United States v. Naviwala*, 825 F. Supp. 3d 451, 505 (D.N.J. 2026) ("If an AUSA does not rely on the United States Attorney for authority or is not otherwise subject to the United States Attorney's supervision, he is not acting as an assistant and has exceeded the powers of his statutory office.").

Mr. Naviwala therefore continues to "be irreparably harmed" at the hands of an illegitimate U.S. Attorney, which constitutes a due process "injury [that] is impossible to remedy once the proceeding is over, which is when appellate review kicks in." *Axon Enter. v. FTC*, 598 U.S. 175, 191 (2023). "Cases of such exceptional importance and rarity fit squarely within the collateral order doctrine." *United States v. McIver*, , __ F.4th __, 2026 U.S. App. LEXIS 26038, *49 (3d Cir. Aug. 26, 2026) (Ambro, J., concurring in part; dissenting in part).

## II. The Panel's Decision to Dismiss the Appeal Rests on a Misapplication of *Dicta* Set Forth in *United States v. Giraud*.

The holding of the panel's three-sentence order dismissing Mr. Naviwala's appeal summarily states that "[t]he order denying the defendant's motion to disqualify the prosecutor and dismiss the charges is not an immediately appealable collateral order." Order, *United States v. Naviwala*, 26-1896, Dkt. 20-2 at 2. The only Third Circuit authority it cited in support of that proposition is *United States v. Giraud*, 160 F.4th 390, 396 n.2 (3d Cir. 2025). Footnote 2 of the *Giraud* decision states in full as follows:

> The orders denying the motions to dismiss the indictments in these cases are unreviewable interlocutory orders and are not at issue in this appeal. *See United States v. Soriano Nunez*, 928 F.3d 240, 243 (3d Cir. 2019). Additionally, the appeal is limited to prospective relief (Habba's disqualification) and Habba's current role, so we do not consider the validity of her interim appointment or the District Court's appointment of Desiree Grace.

First, the footnote clearly is *dictum* as it addresses an issue that it expressly acknowledges is "not at issue in this appeal." "A dictum is 'a statement in a judicial opinion that could have been deleted without seriously impairing the analytical foundations of the holding.'" *Coleman v. Greene*, 845 F.3d 73, 76 (3d Cir. 2017) (quoting *United States v. Mallory*, 765 F.3d 373, 381 (3d Cir. 2014)). Thus, the *Giraud* footnote hardly provides even persuasive authority for the panel's decision.

Second, the footnote says nothing about whether the collateral order doctrine applies with respect to ***motions to disqualify***. Mr. Naviwala here seeks immediate review of the district court's denial of his motion to ***disqualify*** Robert Frazer, in addition to the orders denying his motions to dismiss. Notably, *Giraud* itself expressly held that this Court has "jurisdiction to review the order ***disqualifying*** Habba under 28 U.S.C. § 1291 pursuant to the collateral order doctrine." *Giraud*, 160 F.4th at 396 (emphasis added). Granted, the order Mr. Naviwala seeks to immediately appeal denied disqualification, but that is of no moment as the order otherwise "(1) conclusively determine[s] a disputed question, (2) resolve[s] an important issue separate from the merits of the action, and (3) [is] effectively unreviewable on appeal." *Id.* The panel did not hold otherwise.

Thus, the panel effectively provided no authority for dismissing Mr. Naviwala's appeal of the denial of his motion to disqualify Robert Frazer. Assuming *arguendo* that the denials of his motions to dismiss are not immediately appealable, that still leaves the primary issue for which he is seeking to immediately appeal, i.e., Mr. Frazer's disqualification. In light of the panel's misapprehension and misapplication of *dicta*, the Court should rehear this matter *en banc* in order to maintain uniformity in this Court's collateral order doctrine jurisprudence and address a matter of critical importance, namely, the legitimacy of the current court-appointed U.S. Attorney.

## CONCLUSION

For the foregoing reasons, Mr. Naviwala respectfully prays that the Court of Appeals recall the mandate, and grant panel rehearing and rehearing en banc, vacate the October 7, 2026 order of the panel, and remand the matter for further proceedings.

Respectfully submitted this 21st day of October 2026.

LAW OFFICES OF DOUG PASSON, P.C.

/s/ Doug Passon_____________

Doug Passon
LAW OFFICES OF DOUG PASSON, P.C.
10565 N. 114th St., Suite 101
Scottsdale, AZ 85259
Telephone: 480.448.0086
Email: doug@dougpassonlaw.com

Attorney for Defendant
RAHEEL NAVIWALA

## CERTIFICATE OF COMPLIANCE WITH F.R.A.P. 32(g)

1. Appellant's Petition for Panel Rehearing and Rehearing En Banc filed pursuant to Fed. R. App. P. 40 complies with the 3,900-word limitation applicable to a petition for panel rehearing and rehearing en banc because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,431 words.

2. This document complies with the typeface requirements of Fed. R. App. P.32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Windows in 14 Point Times New Roman font.

Respectfully submitted,

/s/ Doug Passon .
Doug Passon