OFFICE OF THE CLERK

**PATRICIA S. DODSZUWEIT**

**CLERK**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA 19106-1790
Website: www.ca3.uscourts.gov

TELEPHONE
215-597-2995

October 7, 2026

Mark E. Coyne, Esq.
Office of United States Attorney
970 Broad Street
Room 700
Newark, NJ 07102

Doug Passon
P.O. Box 4425
Scottsdale, AZ 85261

RE: USA v. Raheel Naviwala
Case Number: 26-1896
District Court Case Number: 2:24-cr-00099-001

ENTRY OF JUDGMENT

Today, **October 07, 2026,** the Court issued a case dispositive order in the above-captioned matter which serves as this Court's judgment. Fed. R. App. P. 36.

If you wish to seek review of the Court's decision, you may file a petition for rehearing. The procedures for filing a petition for rehearing are set forth in Fed. R. App. P. 35 and 40, 3rd Cir. LAR 35 and 40, and summarized below.

Time for Filing:
14 days after entry of judgment.
45 days after entry of judgment in a civil case if the United States is a party.

Form Limits:
3900 words if produced by a computer, with a certificate of compliance pursuant to Fed. R. App. P. 32(g).
15 pages if hand or type written.

<u>Attachments</u>:
A copy of the panel's opinion and judgment only.
Certificate of service.
Certificate of compliance if petition is produced by a computer.
No other attachments are permitted without first obtaining leave from the Court.

Unless the petition specifies that the petition seeks only panel rehearing, the petition will be construed as requesting both panel and en banc rehearing. A party seeking both forms of rehearing must file the petitions as a single document. Fed. R. App. P. 40(a).

Please consult the Rules of the Supreme Court of the United States regarding the timing and requirements for filing a petition for writ of certiorari.

Very truly yours,
Patricia S. Dodszuweit, Clerk

By: s/Alicia
Case Manager
267-299-4948

Cc: Melissa E. Rhoads

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

CCO-137

No. 26-1896

UNITED STATES OF AMERICA

v.

RAHEEL NAVIWALA,
Appellant

(D.N.J. No. 2:24-cr-00099-001)

Present: KRAUSE, CHUNG and MASCOTT, *Circuit Judges*

1. By the Clerk for possible dismissal due to a jurisdictional defect;

2. Motion filed by Appellee USA to dismiss case for lack of jurisdiction;

3. Response filed by Appellant Raheel Naviwala to Clerk order and Opposition to the Government's Motion to Dismiss this Appeal;

4. Letter dated 08/07/2026, filed pursuant to Rule 28(j) from counsel for Appellee USA;

5. Response filed by Appellant Raheel Naviwala to Rule 28(j) letter;

6. CORRECTED Letter dated 08/31/2026 , filed pursuant to Rule 28(j) from counsel for Appellee USA;

7. Response filed by Appellant Raheel Naviwala to Rule 28(j) letter;

8. Letter dated 09/29/2026 , filed pursuant to Rule 28(j) from counsel for Appellee USA; and

9. Response filed by Appellant Raheel Naviwala to Rule 28(j) letter.

Respectfully,
Clerk/amr

ORDER

The government's motion to dismiss this appeal for lack of appellate jurisdiction is GRANTED. Criminal defendants ordinarily cannot appeal until after sentencing. *See Flanagan v. United States*, 465 U.S. 259, 263 (1984). The order denying the defendant's motion to disqualify the prosecutor and dismiss the charges is not an immediately appealable collateral order. *See United States v. Giraud*, 160 F.4th 390, 396 n.2 (3d Cir. 2025); *United States v. Barron*, 703 F.2d 270, 270 (7th Cir. 1983); *United States v. Caggiano*, 660 F.2d 184, 191 & n.7 (6th Cir. 1981); *see also GEO Grp., Inc., v. Menocal*, 607 U.S. 438, 444 (2026) (explaining collateral-order test and that collateral orders are "identif[ied] [. . .] by category, not case-specific circumstances").

By the Court,

s/Cheryl Ann Krause
Circuit Judge

Dated: October 7, 2026
amr/Cc: All counsel of record

**A True Copy:**

Patricia S. Dodszuweit, Clerk
Certified Order Issued in Lieu of Mandate